## MOSES H. COLLEY *vs.* THOMAS DOUGHTY.

*Practice. Who are necessary parties to a suit to enforce a mechanic's lien.*

One who buys real estate subsequently to the erection of a house thereon, is not a necessary party to a suit brought by the builder to enforce his lien upon the building and lot on which it stands.

ON AGREED FACTS.

ASSUMPSIT to enforce a lien. Writ dated Nov. 6, 1866. June 1, 1866, Thos. Doughty was the owner of the real estate mentioned in the writ, and then contracted with the plaintiff to repair the house standing on the premises, which he accordingly did. Not being paid for the labor and material furnished he brings the present action to recover their value, and claims a lien upon the property to secure this indebtedness to him. On the fourth day of July, 1866, the defendant conveyed the estate to one Franklin, who conveyed it Sept. 6, 1866, to Almira W. Davis, by deed of warranty duly recorded before the date of the writ. The defendant removed from this State before suit brought, so no personal service could be made upon him, but notice of the pendency of the action was given by publication, to which he did not respond. At the January term, 1870, of this court, upon plaintiff's motion, a summons issued to Almira W. Davis, who ever since its conveyance to her has continued to own this real estate, to appear at the April term, 1870, of this court and show cause why a judgment for lien upon said building and lot, as claimed in the writ, should not be entered in the case. At the term last named, she appeared

Colley *v.* Doughty.

specially and protested that no law authorized the plaintiff to so summon her in, and that she can not legally be made a party to this action. Thereupon it was agreed to submit the case to the law court upon the following questions:

"I. Is the said Almira W. Davis legally made a party to this suit by the proceedings above recited ?

II. If not, if she voluntarily appears and contests the existence of the alleged lien, will the judgment of the court in respect to such lien be binding upon her and the plaintiff ?

If either of these questions is answered in the affirmative, the case is to stand for trial; but if both are answered negatively, the case is to be dismissed as to Almira W. Davis, without prejudice to either party."

*McCobb & Kingsbury,* for the plaintiff.

These proceedings are under Public Laws of 1862, c. 131, § 2, the phraseology of which is different from that employed in the former or present revision.

*J. H. Drummond,* for Almira W. Davis.

This is purely a statutory proceeding and must be carried on in strict conformity thereto. It contains no provision for citing in any present owner of the estate; so my client, properly, is neither compelled to appear on summons, nor authorized to appear voluntarily.

TAPLEY, J. The plaintiff in this case, having commenced an action of assumpsit against the defendant and caused a third person to be summoned in to show cause why a judgment for lien upon certain real estate should not be entered in the case, now asks the opinion of this court whether such third person has been legally made a party to the suit.

It appears that the plaintiff contracted with the defendant to repair a house upon the premises June 1, 1866, and he contends that such proceedings were had as to give him a lien upon said real estate for the value of such repairs.

Colley *v.* Doughty.

The validity of the lien, which is claimed by statutory law, depends solely upon the acts and doings of the parties to this suit. Almira W. Davis could not in any way defeat it. If such proceedings were had as to give a lien, summoning her in cannot change it; if none exists, making her a party will not give one. The right of the plaintiff to take the estate depends upon proceedings had before the motion to make her a party.

The only issue raised by this process is one of indebtedness upon the part of Doughty. If none exists, no lien exists. This fact has not, as between the plaintiff and defendant, been settled.

If it had been, *non constat* that the defendant would not respond to the judgment when that was entered up.

The question presented really is, has the plaintiff a valid security for the debt he is seeking to recover, if he should be able to do so, and if the defendant should not respond to it.

We know of no law authorizing us to inquire in the way sought into such questions. There is no provision of statute in relation to notice upon general owners as in cases of claims by lien for labor upon lumber or logs. They are altogether too contingent to make it wise or practicable to enter upon such an investigation. We may as well summon in different attaching creditors and determine the validity and priority of their attachments before levy, as to make this inquiry. This may never ripen into title, and those may never reach that point. Both are but liens, inchoate rights, depending upon subsequent proceedings for title.

It would be a novel proceeding to enter upon the question of such inchoate rights before judgment and execution.

The proceeding, so far, is *in personam*, involving only a question of indebtedness. When that is determined, and execution process upon that judgment is levied upon the property, the question of its efficacy in that direction may arise and be tried between such parties as see fit to question it, but until that is done we cannot settle the rights of the parties.

The question then will be one of title, and not whether the party may go on and get title by perfecting something begun, upon the happening of some uncertain event.

We think Almira W. Davis is not legally made a party to the suit, and as she does not propose to come in voluntarily, it is unnecessary to determine the legal effect of her acts, if she did.

*Action dismissed as to Almira W. Davis, without prejudice to either party.*

APPLETON, C. J., CUTTING, WALTON, DICKERSON and DANFORTH, JJ., concurred.